# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| LINDSAY S., | ) |
| | ) |
|        *Plaintiff* | ) |
| | ) |
| v. | )   No. 2:18-cv-00017-JHR |
| | ) |
| NANCY A. BERRYHILL, | ) |
| *Acting Commissioner of Social Security*, | ) |
| | ) |
|        *Defendant* | ) |

## *MEMORANDUM DECISION*[1]

This Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal raises the question of whether the administrative law judge ("ALJ") supportably found the plaintiff capable of performing work existing in significant numbers in the national economy. The plaintiff seeks remand on the bases that the ALJ erred in failing to (i) deem her back impairment, in combination with her obesity, severe, (ii) consider exertional and environmental limitations resulting from the conditions she deemed nonsevere, and (iii) properly assess her mental impairments. *See* Plaintiff's Itemized Statement of Errors ("Statement of Errors") (ECF No. 11) at 5-18. I conclude that the ALJ erred in deeming the plaintiff's back impairment, in combination with her obesity, nonsevere, and that the error was not harmless. Accordingly, I vacate the

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record. The parties have consented to have me conduct all proceedings in this matter, including the entry of judgment. ECF No. 17.

commissioner's decision and remand this case for further proceedings consistent herewith. I need not and do not reach the plaintiff's remaining points of error.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Sec'y of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the ALJ found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act through December 31, 2016, Finding 1, Record at 12; that she had the severe impairments of depressive/mood, bipolar, anxiety, post-traumatic stress, and polysubstance abuse disorders, Finding 3, *id*.; that she had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with the nonexertional limitations that she could perform simple, routine tasks, could not work with the general public, and was able to adapt to simple, routine changes in the work environment, Finding 5, *id*. at 16-17; that, considering her age (26 years old, defined as a younger individual, on her alleged disability onset date, February 15, 2011, education (at least high school), work experience (transferability of skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that she could perform, Findings 7-10, *id*. at 24; and that she, therefore, had not been disabled from her alleged onset date of disability, February 15, 2011, through the date of the decision, February 8, 2017, Finding 11, *id*. at 25. The Appeals Council declined to review the decision, *id*. at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. §§ 404.981, 416.1481; *Dupuis v. Sec'y of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support

the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The ALJ reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Sec'y of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

The statement of errors also implicates Step 2 of the sequential evaluation process. Although a claimant bears the burden of proof at Step 2, it is a *de minimis* burden, designed to do no more than screen out groundless claims. *McDonald v. Sec'y of Health & Human Servs.*, 795 F.2d 1118, 1124 (1st Cir. 1986). When a claimant produces evidence of an impairment, the commissioner may make a determination of non-disability at Step 2 only when the medical evidence "establishes only a slight abnormality or [a] combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered." *Id.* (quoting Social Security Ruling 85-28).

## I. Discussion

In finding that the plaintiff had neither a severe physical impairment nor any physical functional limitations, the ALJ gave great weight to the opinions of two agency nonexamining consultants whose reports predated the plaintiff's development of a back impairment, Archibald Green, D.O., and Donald Trumbull, M.D. Record at 19; *see also id*. at 83 (report of Dr. Green dated January 9, 2015), 114-15 (report of Dr. Trumbull dated May 29, 2015), 806 (December 27, 2015, notation by Jeffrey A. Hamm, P.A., that lumbar-spine MRI performed following plaintiff's

3

"complaints of back pain and proximal right leg pain" was "concerning for epidural abscess"). The ALJ explained that, in her view, the records unseen by those experts did not "describe significant worsening[,]" and their opinions were "consistent with the normal findings on physical examinations and diagnostic testing" that she had earlier discussed. *Id*. at 19.

The plaintiff contends that the unseen records did describe significant worsening, undermining the ALJ's reliance on the "stale" Green and Trumbull opinions. *See* Statement of Errors at 7-8. She asserts that, "[i]n the absence of any reliable opinion evidence, the ALJ necessarily, and impermissibly, relied on her lay assessment" of evidence pertaining to her back impairment to conclude that she had no exertional limitations. *Id*. at 9.

"This court has noted that there is no bright-line test of when reliance on a nonexamining expert consultant is permissible in determining a claimant's physical or mental RFC, although factors to be considered include the completeness of the consultant's review of the full record and whether portions of the record unseen by the consultant reflect material change or are merely cumulative or consistent with the preexisting record and/or contain evidence supportably dismissed or minimized by the [ALJ]." *LaFlamme v. Colvin*, No. 1:14-cv-57-DBH, 2015 WL 519422, at *8 (D. Me. Feb. 6, 2015) (citation and internal punctuation omitted).

As the plaintiff suggests, *see* Statement of Errors at 8, the evidence bearing on her alleged back pain was not cumulative of the preexisting record: it revealed the development of a new back impairment.

At oral argument, counsel for the commissioner acknowledged that the Green and Trumbull opinions do not constitute substantial evidence with respect to the plaintiff's back impairment, which postdated their review. However, she contended that, rather than construing

raw medical evidence, the ALJ made a common-sense judgment that the plaintiff's back impairment was nonsevere.

The First Circuit has held that, "since bare medical findings are unintelligible to a lay person in terms of [RFC], the ALJ is not qualified to assess [RFC] based on a bare medical record." *Gordils v. Sec'y of Health & Human Servs.*, 921 F.2d 327, 329 (1st Cir. 1990). "This principle does not mean, however, that the [commissioner] is precluded from rendering common-sense judgments about functional capacity based on medical findings, as long as [she] does not overstep the bounds of a lay person's competence and render a medical judgment." *Id.*

In *Gordils*, the First Circuit found that substantial evidence supported the commissioner's finding that a claimant could perform sedentary work when an agency nonexamining consultant deemed the claimant capable of performing light work, and an examining consultant found "no objective evidence of a disabling back impairment beyond the observation that claimant likely ha[d] a 'weaker back.'" *Id.* at 328-29. The First Circuit cautioned, however, that it "would be troubled by the same conclusion as to the more physically demanding light work." *Id. See also, e.g.*, *Manso-Pizarro*, 76 F.3d at 19 (remand warranted when, even if court "were to conclude that substantial evidence documented no more than mild physical impairments with relatively insignificant exertional loss," the record before the ALJ was "sufficiently ramified that understanding it require[d] more than a layperson's effort at a commonsense functional capacity assessment").

For several reasons, I conclude that the record in this case was "sufficiently ramified" to preclude a common-sense judgment that the plaintiff's back impairment imposed no functional limitations and, hence, was nonsevere.

5

*First*, the ALJ ignored seemingly material objective evidence. She correctly observed that "[a]n MRI scan performed in December of 2015 revealed an epidural mass of L-5[,]" and that, the same month, the plaintiff "underwent L4 hemilaminectomy with epidural biopsy" that "revealed a benign neoplasm." Record at 13 (citations omitted). However, she did not acknowledge that, in April 2016, the plaintiff's primary care provider, Chelsea M. Ginn, N.P., ordered an additional MRI scan after the plaintiff presented with "central low back pain" of four weeks' duration, with a new symptom of left-leg numbness "extend[ing] down the entire leg and into the foot." *Id*. at 1130-31. That MRI scan, performed on May 7, 2016, revealed the presence of (i) "[u]niformly enhancing abnormal soft tissue . . . extending into the proximal left neural foramen[,]" which likely reflected "postoperative scar," although "the possibility of subtle residual neoplasm" could not be "completely excluded[,]" as well as (ii) "a small broad-based central/right paracentral disc herniation at the L5-S1 level" that was "more conspicuous" than in the December 2015 MRI scan. *Id.* at 1133-34.

As counsel for the commissioner rejoined, the May 2016 MRI report, which recommended "[c]linical correlation" of the MRI findings and "[f]ollow up as clinically warranted[,]" *id*. at 1134, was not, in itself, proof of a disabling or significant back impairment. *See also* Defendant's Opposition to Plaintiff's Statement of Errors ("Opposition") (ECF No. 13) at 4.

Yet, the plaintiff did follow up. N.P. Ginn stated on September 12, 2016, that the plaintiff was requesting "a referral for chiropractics for an assessment of her chronic low back pain." *Id*. at 1138. N.P. Ginn noted that the plaintiff reported that she "continue[d] to experience on-going, constant lumbar back pain bilaterally which radiates down the backs of her legs[,]" and that she had seen no specialists for her back besides her back surgeon "primarily due to her lack of insurance." *Id.* N.P. Ginn made a referral for "OMT," or osteopathic manipulative treatment. *See*

*id*. at 1140. At her November 8, 2016, hearing, the plaintiff testified that she was "in the works for spinal manipulation" but had not yet had treatment. *Id*. at 54. She testified that, (i) as a result of her back pain, she could not sit or stand for too long, (ii) she had constant pain in her lower to middle back that radiated down her left leg, and (iii) her back had been "a lot worse" since her back surgery. *Id*. at 45, 48-49.[2]

While the ALJ did not ignore the September 2016 progress note, she ignored those portions, citing it for the propositions that "[s]pine and joint range of motion were consistently normal or full on examinations" and that the plaintiff was noted to be in no acute distress. *Id*. at 13. The commissioner correctly observes that the September 2016 progress note indicated that the plaintiff was in no acute distress and that she denied numbness, tingling, gait difficulties, muscle weakness, or range of motion change. *See* Opposition at 3-4; Record at 1138-39. However, N.P. Ginn recorded no findings regarding the plaintiff's back in the section of that note summarizing results on physical examination, *see* Record at 1139-40.

"The ALJ's findings of fact are conclusive when supported by substantial evidence, but are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999) (citations omitted). At oral argument, counsel for the commissioner emphasized that the ALJ did not interpret raw medical evidence because she drew no conclusions one way or the other from the May 2016 MRI report. However, as the plaintiff's counsel rejoined, if the ALJ did not evaluate that MRI report,

---

[2] The commissioner asserts that the plaintiff does not contest the ALJ's discounting of her testimony. *See* Opposition at 2-3. While the plaintiff does not separately argue that point, it is implicit in the arguments that she does make. *See, e.g.*, Statement of Errors at 7 ("Given the totality of the evidence, including neurosurgery records, an abnormal MRI, a referral for OMT, *supported by testimony about constant pain and associated limitations*, it was error for the ALJ to find that [the plaintiff's] back impairment, in combination with obesity, was not severe.") (emphasis added).

7

she could not have determined that it was cumulative. And, if she did evaluate it, she evaluated it based on her lay assessment. In either case, her handling of the report is problematic.

*Second*, as the plaintiff contends, *see* Statement of Errors at 7-8, the same evidence discussed above calls into question the ALJ's finding that records postdating the Trumbull and Green reports did "not describe significant worsening[,]" Record at 19.

*Third, and finally*, as the plaintiff observes, *see* Statement of Errors at 11-12, there is a seeming inconsistency in the ALJ's description of her findings regarding the back impairment. In explaining both her nonseverity and RFC findings, the ALJ stated, "While the [plaintiff]'s obesity likely aggravated her symptoms, particularly with respect to her alleged back pain and asthma, there is no evidence that it resulted in any symptoms or clinical abnormalities other than those already discussed." Record at 14, 19. However, the ALJ had not discussed any symptoms or clinical abnormalities relating to the plaintiff's back pain, *see id*. at 13, and neither Dr. Green nor Dr. Trumbull took her obesity into account, *see id*. at 83, 114-15.

For all of these reasons, the finding that the plaintiff's back impairment, in combination with her obesity, imposed no functional limitations is unsupported by substantial evidence. The record was "sufficiently ramified" to preclude such a layperson's common-sense judgment. *Manso-Pizarro*, 76 F.3d at 19. That in turn, undermined the ALJ's reliance at Step 5 on the testimony of a vocational expert to demonstrate the plaintiff's ability to perform work existing in significant numbers in the national economy. *See* Record at 24-25; *Arocho v. Sec'y of Health & Human Servs.,* 670 F.2d 374, 375 (1st Cir.1982) (responses of a vocational expert are relevant only to the extent offered in response to hypothetical questions that correspond to the medical evidence of record).

Beyond this, evidently mindful that this court has held that "an error at Step 2 is uniformly considered harmless, and thus not to require remand, unless the plaintiff can demonstrate how the error would necessarily change the outcome of the plaintiff's claim[,]" *Bolduc v. Astrue*, Civil No. 09-220-B-W, 2010 WL 276280, at *4 n.3 (D. Me. Jan. 19, 2010), the plaintiff's counsel noted at oral argument that his client's testimony suggested that she had a sedentary work capacity, *compare* Record at 45, 55 (testimony of plaintiff that she could lift and carry "[m]aybe ten pounds" and could not sit or stand for long) *with* 20 C.F.R. §§ 404.1567(a), 416.967(a) ("Sedentary work involves lifting no more than 10 pounds at a time and "involves sitting," with "walking and standing . . . required occasionally[.]"). As the plaintiff's counsel observed, a finding that his client was limited to sedentary work would have ruled out the three jobs on which the ALJ relied at Step 5, two of which were light and one of which was medium. *See* Record at 24-25.

Remand, accordingly, is warranted on the basis of this point of error.

## II. Conclusion

For the foregoing reasons, the commissioner's decision is **VACATED**, and the case is **REMANDED** for proceedings consistent herewith.

Dated this 31st day of March, 2019.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge

9